IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DOROTHY CARSON,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 2:07-CV-570-MHT |
| ) | |
| **DEPARTMENT OF** ) | |
| **HUMAN RESOURCES, et al.,** ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR,
IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

Pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, Defendants move this Court for an Order dismissing the Plaintiff's complaint for failure to state a claim, or alternatively requiring the Plaintiff to provide a more definite statement.

**I.   PROCEDURAL BACKGROUND AND PLAINTIFF'S COMPLAINT**

On November 23, 1998, Plaintiff Dorothy Carson, along with fifteen other individuals, filed a Motion to Intervene in the *Crum et al., v. State of Alabama, et al.,* CV 94-T-356-N case. The intervention request was granted on May 18, 2007 and this case was subsequently converted into a separate lawsuit.  [Doc. No. 792 of the *Crum* case].

Plaintiff brings suit under Title VII and 42 U.S.C. §§ 1981 and 1983 relying solely on the following general allegations:

1. Defendants discriminated against the Plaintiff in "hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making

1

    practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff." (Compl. ¶ 84)

2. Plaintiff alleges that she "continuously sought promotions to supervisory positions within Tuscaloosa DHR" and that she was deemed qualified and placed on a register for the last ten years. Plaintiff claims she did not receive a supervisory position until after filing an EEOC discrimination charge. Plaintiff also claims that other white supervisors with less experience were promoted. Plaintiff claims she applied for Supervisory Positions in the Family options and Family and Children's services departments, but these positions were awarded to white employees "rumored" to have been selected prior to interviews. Plaintiff claims that she has been prevented from applying for these and other jobs because of closed applications periods and prevented from being placed on the register due to discriminatory practices of Defendants. Plaintiff further claims she possessed the requisite qualifications and experience, but has been prevented from attaining experience and training. (Compl. ¶ 85)

3. Finally, Plaintiff generally alleges discrimination in job assignments, training and experience, and other terms, conditions and privileges. Plaintiff alleges that this discriminatory denial has resulted in lower scores and rankings on applications for promotions. (Compl. ¶ 86)

These laundry lists of allegations are made without any facts to support the broad, vague and legally conclusory claims. On its face, Plaintiff's complaint does not meet the requirements under *Bell Atlantic Corp. v Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) of stating a claim for which relief can be granted and therefore is due to be dismissed. Alternatively, the Court should require the Plaintiff to make a more definite statement as the allegations are so vague and ambiguous that the Defendants cannot reasonably be required to frame a proper responsive pleading.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiff's Complaint Fails to State a Claim Against the Defendants

Until the recent Supreme Court decision in *Bell Atlantic Corp. v Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), this Court was bound by the rule set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) that, "a complaint should not be

dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Finding that this formulation has "earned its retirement," the Court in *Twombly* held that a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level." 127 S.Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. Rather, the facts set forth in the complaint must be sufficient to "nudge the[ ] claims across the line from conceivable to plausible," *Id.* at 1974.

In this Complaint, Plaintiff does not offer factual grounds which would "raise a right to relief above the speculative level," and the Plaintiff does not even deign to provide the Defendants or this Court with a recitation of the elements of a cause of action. Apparently, that task is left to the Defendants and the Court to decipher. While Plaintiff alleges she applied for two positions in 1993, Plaintiff fails to allege when she applied for any of the other positions she "continuously sought," when she was denied these positions, or when she experienced discrimination in job assignments, training, experience, or compensation. Further, no Defendant is identified for any particular allegation; sparse facts are submitted to support any claim; and no allegation of intent to discriminate is made. In short, this is nothing more than a shotgun complaint which cannot withstand a Motion to Dismiss and this Complaint is due to be dismissed. *See also Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) ("[U]nsupported conclusions of law or mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.").

### B. Alternatively, the Plaintiff Should be Required to Provide a More Definite Statement

Assuming, *arguendo*, that the Court does not dismiss this Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants request that this Court enter an Order requiring the Plaintiff to provide a more definite statement as to the claims against the Defendants. Rule 12(e) of the Fed. R. Civ. P. provides that a party may move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a proper responsive pleading." The Complaint in this case is so vague that it is all but impossible to respond to it in any meaningful manner.

Because "shotgun pleadings," as in this case, present an unfair burden on the Court and Defendants, the Plaintiff should be required to provide a more definite statement. As recognized by the Eleventh Circuit:

> Under the Federal Rules of Civil Procedure, a defendant faced with a [shotgun] complaint is not expected to frame a responsive pleading. Rather the defendant is expected to move the court, pursuant to Rule 12(e) to require the plaintiff to file a more definite statement. Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with shotgun pleading out of the way, the trial judge will be relieved of the cumbersome task of sifting through myriad claims, many of which may be foreclosed by various defenses. Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.

*Anderson v. Dist. Bd. of Trustees of Central Florida Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996) (footnotes and citations omitted).

4

Repeatedly emphasized by the Eleventh Circuit Court of Appeals is the judicial, administrative, and societal costs imposed by broad and vague complaints. *See, e.g., Chapman v. AI Transport,* 229 F.3d 1012, 1027 (11th Cir. 2000) (describing shotgun pleading as a "serious" and "ubiquitous problem," the "evils" of which require a district court to exercise a "firm hand" in dismissing non-meritorious claims); *Byrne v. Nezhat*, 261 F.3d 1075, 1128-134 (11th Cir 2001) (holding that, if a defendant does not move for a more definite statement, the trial court "must intervene *sua sponte* and order a repleader"); *Sikes v. Teleline, Inc.,* 281 F.3d 1350, 1355 n. 9 (11th Cir.2002) ("[P]laintiffs' complaint is yet another example of what we have often criticized as 'shotgun pleadings,' where each count 'incorporates' all of the preceding paragraphs and counts. We have harshly criticized such shotgun pleadings in the past, and we repeat our displeasure with this type of complaint now."); *Beckwith v. Bellsouth Telecomms., Inc.,* 146 Fed. Appx. 368, 373 (11th Cir. Aug. 22, 2005) (categorizing complaint as a "shotgun" pleading because "[o]nly a few of [plaintiff's] claims were specific as to any defendant, and the relevant facts were not segregated to each of their respective claims," making it "virtually impossible to ascertain which factual allegations correspond with each claim").

Plaintiff's Complaint does not even contain "counts," much less separate counts with specific facts outlining the claims. Even a creative reading of the general allegations set forth *supra* discloses only sparse facts supporting Plaintiff's claim of racial discrimination. Instead, there is simply a laundry list of every conceivable job related activity: "hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices and other terms and conditions of employment." (Compl. ¶ 84)

Plaintiff does not provide relevant information such as the identity of which Defendant is allegedly responsible for the denial of the promotion. Nor is there any identification of the racially discriminatory job assignments; how the Plaintiff's compensation is discriminatory; nor what disciplinary action suffered by the Plaintiff is alleged to be discriminatory. Moreover, Plaintiff does not even distinguish the claims among the various Defendants, nor is there any indication as whether the allegations are in support of her Title VII, 42 U.S.C. § 1981 or § 1983 claim. In short, this is nothing more than a shotgun pleading with unsupported conclusions of law or mixed fact and law. Accordingly, Defendants specifically request that Plaintiff be required to set forth each legal claim in a separate count pursuant to Rule 10(b) of the Fed.R.Civ.P. and to identify which facts support each separate claim and against which Defendants they are alleged.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Plaintiff's Complaint against the Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Defendants respectfully request that the Court require the Plaintiff to provide a more definite statement as to her alleged claims against the Defendants as provided for in Rule 12(e) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Abigail H. Avery
Warren B. Lightfoot, Jr.
John B. Holmes, III
Abigail H. Avery
Attorneys for the Defendants
Department of Human Resources and
Dr. Page Walley, Commissioner

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-4604
Telephone:   (205) 254-1000
Facsimile:   (205) 254-1999
Email:   wlightfoot@maynardcooper.com
             jholmes@maynardcooper.com
             aavery@maynardcooper.com

Sharon E. Ficquette
DEPARTMENT OF HUMAN RESOURCES
Legal Office
P.O. Box 304000
Montgomery, Alabama 36130-4000
Telephone:  (334) 242-9330

/s/ Alice Ann Byrne
Alice Ann Byrne
Attorney for the Defendants
State Personnel Department and
Jackie Graham, Director of State
Personnel Board

STATE PERSONNEL DEPARTMENT
Folsom Administrative Building
64 North Union Street ~ Suite 316
Montgomery, Alabama 36130
Telephone:   (334) 242-3451
Facsimile:   (334) 353-4481
Email:   aliceann.byrne@personnel.alabama.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 29th day of August, 2007, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

For the Plaintiff:

Russell W. Adams, Esq.
Rocco Calamusa, Jr., Esq.
WIGGINS CHILDS QUINN & PANTAZIS, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203-3204


                                                  /s/ Abigail H. Avery
                                                  Of Counsel